## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| **VERA TORRES** | \* | **CIVIL ACTION NO. 20-1544** |
| | \* | |
| **VERSUS** | \* | |
| | \* | |
| **SURGICAL ASSOCIATES, LLC,** | \* | **JUDGE:** |
| **DAVID A. JANSEN, A MEDICAL** | \* | |
| **CORPORATION, DR. DAVID A.** | \* | |
| **JANSEN and DR. RAVI TANDON** | \* | **MAGISTRATE:** |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT

**NOW INTO COURT,** through undersigned counsel, comes Plaintiff, Vera Torres, and files this action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq* and the Louisiana Wage Payment Statute, La. R.S. 23:631 *et seq.*

### I.     PARTIES

1.

Plaintiff, Vera Torres, is a person of the age of majority, a resident of Jefferson Parish and citizen of the State of Louisiana.

2.

Made Defendant herein is Surgical Associates, LLC, who is a Louisiana limited liability company with its domicile listed at 650 Poydras Street, Suite 2250, New Orleans, Louisiana 70130.

3.

Also made Defendant herein is David A. Jansen, A Medical Corporation, who is a Louisiana company with its domicile listed at 227 Hector Avenue, Metairie, Louisiana 70005.

4.

Also made Defendant herein is Dr. David A. Jansen, individually, who upon information and belief is a person of the age of majority, a resident of Jefferson Parish and citizen of the State of Louisiana.

5.

Also made Defendant herein is Dr. Ravi Tandon, individually, who upon information and belief is a person of the age of majority, a resident of Orleans Parish.

## II.   JURISDICTION AND VENUE

6.

This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 as one of the claims at issue herein arises out of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*.

7.

This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

8.

Defendants' Louisiana business locations and personal residences are within the Eastern District of Louisiana, and at all time relevant to this Complaint, Defendants were engaged in commerce in the State of Louisiana.

9.

Venue is proper in this District pursuant to 28 U.S.C. §1391, as the actions of Defendants occurred in the Eastern District of Louisiana, Plaintiff and Defendants reside in the Eastern District of Louisiana and the damages to Plaintiff occurred in the Eastern District of Louisiana.

### III.    FACTUAL BACKGROUND

10.

Ms. Torres began her employment with Defendants in May, 2005.

11.

Ms. Torres was hired by Defendant, David A. Jansen, initially as a receptionist, but became Dr. Jansen's Patient Coordinator soon thereafter and remained in that position for approximately 10 years.

12.

Sometime in 2015, Dr. Ravi Tandon became affiliated with Defendants, and Ms. Torres was assigned to work for Dr. Tandon because she had the most experience as a Patient Coordinator.

13.

During her time spent working with Dr. Tandon, however, Ms. Torres was subjected to constant abuse, humiliation and condescending treatment by Dr. Tandon.

14.

Ms. Torres complained about Dr. Tandon's behavior and treatment numerous times to Defendants' Office Manager, Deborah Bordenave, but no action was taken.

15.

Ms. Torres also complained numerous times to Dr. Jansen.  While Dr. Jansen spoke to Dr. Tandon about his treatment of Ms. Torres, and Dr. Tandon's behavior would subside for a while, it always returned shortly thereafter.

16.

Ultimately, because of the intolerable working conditions created by Dr. Tandon, Ms. Torres resigned her employment on March 9, 2020.

17.

The terms and conditions of Ms. Torres' employment were set forth in documentation provided to Ms. Torres at the beginning of her employment, including a "Surgical Associates, LLC Office Hours and Benefits" document, a "Surgical Associates, LLC Patient Coordinator Duties" document and additional documentation setting forth the duties and benefits of her employment with Defendants.

18.

According to the documentation provided to Ms. Torres, she was scheduled to work 8:30a.m. to 5:00p.m., Monday through Friday, with one (1) hour for lunch.

19.

As set forth below, however, Ms. Torres routinely worked more than 7.5 hours per day, more than 40 hours week and rarely was able to take a lunch break.

20.

Ms. Torres was also required to work "call" time for Defendants.  The call time consisted of having to be available to answer calls to Defendants' practice after normal working hours.

21.

For part of the time applicable herein, Ms. Torres was required to work "call" time for Defendants every other month.  The "call" would include taking calls from the time Defendants' office closed in the afternoon until the time Defendants' office opened in the morning, as well as

on weekends and holidays. Later, after Defendants hired additional help, Ms. Torres was required to work "call" time every third month.

22.

Ms. Torres was also entitled to earn vacation time and sick time as part of her employment with Defendants.

23.

Ms. Torres earned 1 week of vacation after one (1) year of employment, two (2) weeks of vacation time after two (2) years of employment and three (3) weeks of vacation time after five (5) years of employment.

24.

Ms. Torres also earned 7.5 hours of sick leave per month, which, if not used, could be "cash[ed] in at the end of the year or accumulate[d] to use toward vacation."

25.

The documentation provided to Ms. Torres at the beginning of her employment described her duties as a Patient Coordinator to include the following:

* Answer phones and schedule appointments and discuss basics of procedures;
* Prepare for clinic days and assist with patient's (sic) in rooms;
* Quote Patient's Surgical Fees;
* Explain Procedures to patient's (sic)
* Schedule procedures with the hospitals of Surgery Centers;
* Preop patient's (sic) discussing do's (sic) and don't's, (sic) witness and discuss consents;
* Postoperative care – call patient after surgery – make sure they are following directions;
* Follow up on patient's (sic) quoted previously who have not scheduled;
* Precert Insurance, check benefits and eligibility;

*     Share on call phone coverage – Wound care during clinic (undress wounds, clean them, then after MD evaluates redress);
*     Assist with procedures in the office;
*     Perform tasks as needed to assist in the smooth operation of the office.

26.

Additional duties as described in other documentation provided to Ms. Torres (and descriptions of her duties she was asked to provide) included medical transcription, general secretarial duties, answering phones, updating computer information and keeping accurate records, checking patients in and out, collecting fees for visits and purchases, filing, ordering office supplies, general office duties and assisting with the upkeep of the office, which included refilling tissue in the bathroom, providing soap when needed, and paper towels.

27.

Finally, Ms. Torres performed the additional service of medical tattooing for breast cancer patients of Defendants.

28.

Pursuant to an agreement reached between Ms. Torres and Defendants, Ms. Torres was entitled to 40% of all fees collected for the medical tattooing services she provided.

## IV.    <u>CAUSES OF ACTION</u>

### A.    Fair Labor Standards Act ("FLSA")

29.

Defendants, Surgical Associates, LLC and David A. Jansen, A Medical Corporation (the "corporate Defendants"), upon information and belief, jointly employed Ms. Torres and/or acted

as a joint enterprise/employer with respect to Ms. Torres, pursuant to the Fair Labor Standards Act, 29 U.S.C. § 203(d).

30.

Defendants, Dr. David A. Jansen and Dr. Ravi Tandon, in their individual capacity, were also the "employer" of Plaintiff pursuant to the Fair Labor Standards Act, 29 U.S.C. § 203(d), as they controlled the terms and conditions of Ms. Torres' employment (including the ability to set her hours, set her pay and terminate her employment).

31.

Upon information and belief, Defendants annual sales exceeded $500,000.  In addition, Defendants (and Plaintiff) engaged in and/or are involved in interstate commerce during the performance of their work.

32.

During her employment with Defendants, Ms. Torres routinely worked more than 40 hours per week, but was not paid overtime by Defendants.

33.

For example, during the following weeks, Ms. Torres worked the following hours during her normal shifts, but was only paid for 40 hours during those weeks:

| Week | Hours worked |
|------|--------------|
| February 17-21, 2019 | 43.11 |
| February 10-14, 2019 | 41.33 |
| February 3-7, 2019 | 43.02 |
| January 27-31, 2019 | 42.39 |
| January 20-24, 2019 | 43.48 |

34.

Upon information and belief, Ms. Torres worked a similar schedule for most weeks for the entire time she was employed by Defendant.

35.

In addition, as noted above, Ms. Torres was required to work "call" time for Defendants every other month for a period of time, and then every third month after that.

36.

Upon information and belief, Defendants did not keep track of the calls answered by Ms. Torres (or other employees), or the length of those calls.

37.

Ms. Torres estimates, however, that she received an average of 2-3 calls per day from patients or hospitals while on "call" time for Defendants.  In many instances, those calls would require Ms. Torres to makes additional calls to the various doctors employed by Defendants in an effort to resolve the issues raised by the patients or hospitals.  Ultimately, Ms. Torres estimates that all the calls averaged approximately 1.5 hours per day/night.

38.

While Defendant paid Ms. Torres a total of $100.88 per month (during 2017 and 2018) and $104 per month (during 2019 and 2020) for the "call" time, that amounted to $3.36/$3.46 per day (assuming an average of 30 days per month).

39.

In almost every week at issue during the months when Ms. Torres worked "call" time for Defendants, the call time amounted to overtime for that week.

40.

Therefore, for all "call" time worked by Ms. Torres, she was entitled to be paid overtime.

41.

During her employment with Defendant during the last three (3) years, Ms. Torres was paid the following amounts per hour:

| Year | Hourly Wage |
|------|-------------|
| 2020 | $24.52 |
| 2019 | $24.52 |
| 2018 | $22.67 |
| 2017 | $22.67 |

42.

As a result, Ms. Torres overtime rate for 2019-2020 should have been $36.78, while her overtime rate for 2017-2018 should have been $34.00.

43.

Defendants' practice of refusing to pay overtime for all hours worked over forty (40) hours per week is a knowing and willful violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*.

44.

Upon information and belief, Defendants were aware (or should have been aware) that they were required to pay overtime to Ms. Torres for all hours worked over forty (40) hours per week, but refused to do so.

45.

Pursuant to 29 U.S.C. § 216(b), in addition to the actual wages owed to Ms. Torres, Defendants are also liable to Ms. Torres for an additional amount equal to all unpaid wages as liquidated damages.

46.

Furthermore, Defendants are liable for all costs of this action and the payment of Ms. Torres' reasonable attorney's fees, pursuant to 29 U.S.C. § 216(b).

**B.      Louisiana Wage Payment Statute, La. R.S. 23:631 *et seq.***

(i)      Unpaid vacation and sick time

47.

In addition, the corporate Defendants are liable to Ms. Torres for all unpaid vacation and/or sick time that was earned by Ms. Torres, but not paid to her upon her resignation of employment, in accordance with La. R.S. 23:631, *et seq*.

48.

During her employment with the corporate Defendants, Ms. Torres earned and accrued approximately 180 vacation days, but only used approximately 65 vacation days.

49.

During that same time period, Ms. Torres earned 12 days of sick time per year, for a total of 168 days of sick time, but she did not use all of her sick time.

50.

According to Defendants' practice, vacation time was allowed to accrue and roll-over each year.

51.

Moreover, as stated in Defendants' policy, any unused sick time was allowed to be converted to vacation time if not used by the end of the year.

52.

Given the above, Ms. Torres maintained a balance of 115 days of vacation time and an unknown amount of sick time when she resigned.  The corporate Defendants, however, failed to pay for such earned and accrued time at the time of Ms. Torres' resignation.

(ii)     Unpaid medical tattoo work

53.

In addition to her other duties, Ms. Torres also performed medical tattooing for Defendants' breast cancer patients.

54.

At the time of her resignation, Ms. Torres had performed medical tattooing services for 8 patients, but was not paid for those services prior to her resignation.

55.

According to her agreement with Defendants, Ms. Torres was entitled to 40% of the fees generated by Defendants for the medical tattooing services.

56.

Since her resignation, Ms. Torres has not been paid for the medical tattooing services she provided for the 8 patients noted above.

57.

The corporate Defendants' refusal to pay Ms. Torres' earned vacation/sick wages and the wages earned for medical tattooing is a violation of Louisiana's Wage Payment statute, La. R.S. 23:631, *et seq*.

58.

Ms. Torres made demand on the corporate Defendants for payment of her earned, but unpaid vacation/sick time, but despite said demand the corporate Defendants refused to tender the wages owed.

59.

In addition to the amount of unpaid wages owed, because Defendants refused to pay Ms. Torres' earned wages without justification, Ms. Torres is also entitled to penalty wages from the date of demand until those wages are paid, up to a total of 90 days of penalty wages, pursuant to La. R.S. 23:632.

60.

Finally, Ms. Torres is entitled to an award of attorney's fees on her claim for unpaid wages, pursuant to La. R.S. 23:632.

**WHEREFORE**, Plaintiff prays that Defendants, Surgical Associates, LLC, David A. Jansen, A Medical Corporation, Dr. David A. Jansen (individually) and Dr. Ravi Tandon (individually), be served with a copy of the Complaint and be cited to appear and answer same and that after due proceedings are had, that judgment be rendered in favor of Plaintiff and against Defendants, in an amount to compensate Plaintiff for all unpaid overtime wages, liquidated damages, unpaid vacation/sick time and penalty wages to which she is entitled by law, for legal interest on all damages awarded from the date of judicial demand until paid, for the costs of this litigation and reasonable attorney's fees, and for all other such other damages and relief as this Court may deem just and proper.

Respectfully submitted,

**THE DEMMONS LAW FIRM**


   s/Larry E. Demmons
**LARRY E. DEMMONS (#24376)**
3201 Ridgelake Drive
Metairie, Louisiana 70002
Telephone: (504)-296-6417
Facsimile (504)-335-0749

**COUNSEL FOR PLAINTIFF,
VERA TORRES**